IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXCEL GOLF TEE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 C2052 |
| ) | |
| GREEN STREET INNOVATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Excel Gold Tee, Inc.'s ("Excel") motion to strike and Defendant Green Street Innovations, Inc.'s ("Green Street") request to withdraw certain affirmative defenses. For the reasons stated below, we deny the motion to strike and grant the request by Green Street to withdraw certain affirmative defenses.

## BACKGROUND

Excel is a manufacturer and seller of golf tees and other golf-related products and equipment, including a product called the "Zero Friction Golf Tee" for which Excel has filed a trademark application. According to Excel, Green Street also manufactures and sells golf-related products that compete with Excel. Excel claims

1

that Green Street has advertised an attachment for golf tees using the words "zero" and "friction" on Green Street's website.  Excel filed the instant action on April 12, 2006, and included in the complaint a claim of trademark infringement based on the likelihood of confusion (Count I), a claim of trademark infringement based on dilution (Count II), a claim for declaratory relief (Count III), a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (Count IV), and a claim of common law fraud (Count V).  On May 10, 2006, Green Street filed an answer to the complaint, as well as affirmative defenses, counter-claims, and a claim against a third-party.  Excel has moved to strike all of Green Street's affirmative defenses.

**LEGAL STANDARD**

Excel is moving to strike Green Street's affirmative defenses under Federal Rules of Civil Procedure Rule 12(f) ("Rule 12(f)"), which states that "[u]pon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense . . . ."  Fed. R. Civ. P. 12(f). The Seventh Circuit has stated that striking affirmative defenses should be done sparingly and "only when they are insufficient on the face of the pleadings."  *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  There are, however, situations where striking affirmative

2

defenses serves to "remove unnecessary clutter from the case." *Id.* Furthermore, because "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure . . . [these] defenses must set forth a 'short and plain statement,' Fed. R. Civ. P. 8(a), of the defense." *Id.* This means that affirmative defenses that "are nothing but bare bones conclusory allegations" must be stricken. *Id.* Finally, when a federal court is applying state law, "the legal and factual sufficiency of an affirmative defense is examined with reference to state law." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

## DISCUSSION

Green Street has filed fourteen affirmative defenses, all of which Excel has moved to strike. We note that Excel did not file a reply brief to its motion to strike, even though the court gave a briefing schedule that allowed for the filing of a reply.

I.  Green Street's Request to Withdraw

Green Street, in its response brief to the instant motion, requests to withdraw affirmative defenses one, six, thirteen, and fourteen. We grant Green Street's request to withdraw affirmative defenses one, six, thirteen, and fourteen, and accordingly deny Excel's motion to strike as moot to the extent that it relates to those affirmative defenses.

II. Unclean Hands and Laches (Affirmative Defenses 2 and 3)

Green Street's second and third affirmative defenses state that Excel's claims are barred under the doctrines of unclean hands and laches. These are traditional affirmative defenses that are properly pled by Green Street. *See* Fed. R. Civ. P. 8( c). We also note that, despite arguing that Green Street's second and third affirmative defenses are an "Incorrect Statement of the Law" and "Conclusory Allegation[s]," Excel has filed its own affirmative defenses that state, in their entirety, that "Green Street's claims are [sic] by the doctrine of unclean hands" and "Green Street's claims are barred by the doctrine of laches." (G Ans. 26). We find that Green Street has properly pled its second and third affirmative defenses. Accordingly, we deny Excel's motion to strike to the extent that it relates to Green Street's second and third affirmative defenses.

III. Distinctiveness of Mark, Prior Use, Non-Infringement, and Dilution (Affirmative Defenses 4, 7, 9, and 11)

Excel's motion to strike the fourth, seventh, ninth, and eleventh affirmative defenses simply states: "Bases for Objection: Plaintiff's Burden [and] Duplicative to Denial in Answer." (Mot. 4, 5). Excel gives no specific bases for its arguments relating to these affirmative defenses, nor does it cite case law in relation to these specific affirmative defenses. Such conclusory statements are not sufficient to support a motion to strike. Therefore, Excel's motion to strike is denied to the extent that it relates to the fourth, seventh, ninth, and eleventh affirmative defenses.

IV.  Rightful Owner, Non-Use, Innocent Conduct  (Affirmative Defense 5, 10, and 12)

Excel's motion to strike the fifth, tenth, and twelfth affirmative defenses simply states: "Bases for Objection: Duplicative to Denial in Answer; Conclusory Allegation; Plaintiff's Burden."  (Mot. 4, 5).  Excel gives no specific bases for its arguments relating to these affirmative defenses, and it does not cite any case law in regard to these affirmative defenses.  As we states above, conclusory statements such as these are not sufficient to support a motion to strike.  Therefore, Excel's motion to strike is denied to the extent that it relates to the fifth, tenth, and twelfth affirmative defenses.

V.  Diversification Rights (Affirmative Defense 8)

Excel's motion to strike the eighth affirmative defense simply states: "Bases for Objection: Incorrect Statement of Law; Conclusory Allegation."  (Mot. 4).  Excel gives no specific basis for its arguments relating to this affirmative defense, nor does it cite any case law specifically in regard to this affirmative defense.  Again, such conclusory statements are not sufficient to support a motion to strike.  Therefore, Excel's motion to strike is denied to the extent that it relates to the eighth affirmative defense.

## CONCLUSION

Based on the foregoing analysis, we deny Excel's motion to strike in its

entirety. We also grant Green Street's request to withdraw affirmative defenses one, six, thirteen, and fourteen.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   August 22, 2006